**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
LAZARO PATTERSON-CUESTA,            :
                                    :   Civil Action No. 05-2361 (RBK)
            Petitioner,             :
                                    :
        v.                          :        O P I N I O N
                                    :
JOHN NASH, Warden, et al.,          :
                                    :
            Respondents.            :
_____ :

**APPEARANCES:**

Lazaro Patterson-Cuesta, Pro Se
#10959-052
F.C.I. Fort Dix
P.O. Box 7000
Fort Dix, NJ 08640

Dorothy J. Donnelly
Assistant United States Attorney
United States Attorney's Office
402 East State Street, Room 430
Trenton, NJ 08608
Attorney for Respondents

**KUGLER, District Judge**

    Petitioner, Lazaro Patterson-Cuesta, a federal prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241.[1]  For the reasons set forth below the petition will be denied.

## BACKGROUND

Petitioner is a native of Cuba.  He entered the United States in 1995.  In 1997 he sought permanent resident status.  He was denied such status in 2001.

Petitioner was arrested on drug charges and sentenced by the United States District Court, Northern District of New York to 70 months imprisonment in 2001.  His projected release date is in July 2006.  On June 20, 2001, the Immigration and Naturalization Service ("INS") lodged a detainer against Petitioner at his place of incarceration pursuant to 8 C.F.R. § 287.7.

Petitioner argues in the instant petition that the detainer lodged against him by the INS "violate[s] his rights for prison classification and the eligibility rehabilitation programs." (Petition, p. 4).  He argues that: (1) he has not yet been brought before an Immigration Judge to determine if he is subject to removal from the United States; (2) even if a final order of

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

removal could be obtained against him, he is non-deportable due to his Cuban heritage; (3) early release he has earned in prison from completion of a drug program has been denied due to the detainer; (4) he is not an illegal alien, but rather was granted formal admission to the United States as a Cuban refugee; (5) if returned to Cuba, he would be subject to torture; and (6) his federal charges are not an aggravated felony for purposes of removal.  He asks that the detainer against him be withdrawn.

## DISCUSSION

A writ of habeas corpus shall not extend to a prisoner unless he is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Federal courts have jurisdiction to entertain an application for habeas relief only if a petitioner is "in custody," pursuant to the challenged judgment, in violation of the Constitution or

laws or treaties of the United States.  See Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir. 2003); 28 U.S.C. § 2241(c).  Because Petitioner is not yet subject to an order of removal, this Court lacks jurisdiction over the claims challenging his detainer.  See Green v. Apker, 2005 WL 2642119 (3d Cir. Oct. 17, 2005)(Slip Copy).  In Green, the Court of Appeals for the Third Circuit held that the petitioner, a federal prisoner subject to an immigration detainer, could not challenge the detainer in a 2241 petition, as he was not "in custody" pursuant to the detainer.  See id. at *2 ("According to most courts which have considered the custody question, a prisoner who is serving a criminal sentence is not in [immigration] custody simply because the [INS] has lodged a detainer against him in the prison where he is incarcerated.")(citations omitted); see also Adams v. Apker, 148 Fed. Appx. 93, 2005 WL 2082919 (3d Cir. 2005)(petitioner not in immigration custody due to fact that immigration service lodged a detainer against him at his place of incarceration).

Further, the regulation limiting participation in the early release program established in 18 U.S.C. § 3621(b) has withstood challenge by persons subject to immigration detainers.  Title 18 of the United States Code, Section 3621(b) requires the Bureau of Prisons to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition

of substance addiction or abuse." 18 U.S.C. § 3621(b).  As an incentive for prisoners to successfully complete the program, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."  18 U.S.C. § 3621(e)(2)(B).  Pursuant to these statutory sections, and in an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the Bureau has promulgated regulations prescribing certain additional early release criteria, *inter alia* excluding INS detainees from consideration for early release.  See 28 C.F.R. § 550.58(a)(1)(I).

In *Lopez v. Davis*, 531 U.S. 230 (2001), the Supreme Court held that it was a proper exercise of discretion by the Bureau of Prisons to categorically deny eligibility for early release to prisoners with "a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses," 28 C.F.R. § 550.58(a)(1)(iv), or to prisoners whose current offense is one of certain enumerated felonies involving the use or attempted use of force, or involving the carrying, possession, or use of a firearm or other dangerous weapon, or involving sexual abuse upon children, 28 U.S.C. § 550.58(a)(1)(vi).  In reaching this conclusion, the

Court first noted that the language of § 3621(e)(2)(B) grants the Bureau discretion to reduce a prisoner's sentence for successful completion of a substance abuse treatment program, but fails to define any parameters by which the Bureau should exercise that discretion.

> In this familiar situation, where Congress has enacted a law that does not answer "the precise question at issue," all we must decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap "in a way that is reasonable in light of the legislature's revealed design." We think the agency's interpretation is reasonable both in taking account of preconviction conduct and in making categorical exclusions.

Lopez, 531 U.S. at 242 (citing, inter alia, Chevron, U.S.A., Inc. v. National Resources Defense Council, Inc., 467 U.S. 837, 842 (1984))(other citations omitted). Thus, "the statute's restriction of early release eligibility to nonviolent offenders does not cut short the considerations that may guide the Bureau." Lopez, 531 U.S. at 242. See also Magnin v. Beeler, 110 F. Supp.2d 338 (D.N.J. 2000) (upholding 28 C.F.R. § 550.58(a)(1)(vi), before Lopez, as a valid exercise of the Bureau's discretion).

The Court of Appeals for the Eighth Circuit has stated that it sees no difference between the categorical exclusion examined by the Supreme Court in Lopez v. Davis and the categorical exclusion of prisoners subject to an INS detainer in 28 C.F.R. § 550.58(a)(1)(I), holding that the latter is also within the

6

Bureau's discretion. See United States v. Lopez-Salas, 266 F.3d 842, 848 (8th Cir. 2001). This Court agrees with the Eighth Circuit that the existence of an INS detainer is a legitimate factor to consider in determining eligibility for custody-related programming.

Finally, the exclusion of persons subject to an INS detainer does not violate the Equal Protection Clause. Regulations such as those challenged here classify prisoners as those who are subject to custodial considerations (including those who have detainers lodged against them) and those who are not, not on the basis of alienage. See Adams, 148 Fed. Appx. at *2 (citing McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999), cert. denied, 528 U.S. 1086 (2000)). Accordingly, "the Equal Protection Clause requires only that the classification rationally further a legitimate state interest." See Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

Excluding prisoners subject to detainers or other custodial considerations from participation in programs involving custody issues is rationally related to the Bureau's legitimate interest in preventing such prisoners from fleeing. See McLean, 173 F.3d at 1185-86. Accordingly, Petitioner's exclusion from the prison programs does not violate the Equal Protection Clause.

**CONCLUSION**

For the reasons set forth above, this Court lacks jurisdiction over Petitioner's claims challenging the issuance of the immigration detainer. Further, the Bureau of Prisons' regulation excluding him from early release is not improper. Petitioner's prospective claims regarding whether an order of removal against him would be proper are subject to determination in his future immigration proceedings.

Therefore, the Petition must be denied. An appropriate order follows.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: December 29, 2005

8